IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02599-RBJ

FIVE POINTS MANAGEMENT GROUP, INC., a California corporation,

Plaintiff,

v.

CAMPAIGN, INC., a Delaware corporation; and
BRADLEY SEWELL, an individual,

Defendants.

---

# SCHEDULING ORDER

---

1. **Date of Conference and Appearance of Counsel**

A Scheduling Conference is not being held due to restrictions related to the coronavirus pandemic currently in place. The Court has reviewed the proposed order and issues this Scheduling Order with its modifications and comments noted in Track Changes for easier reference.

On September 28, 2020, counsel for the following parties met and conferred regarding the matters set forth in this Scheduling Order:

Peter W. Ito
Ito Law Group, P.C.
1550 Larimer Street, Suite 667
Denver, CO 80202
Telephone: (720) 281-5294
Counsel for Plaintiff Five Points Management Group, Inc.

Robert D. Lantz
Castle Lantz Maricle, LLC
4100 E. Mississippi Avenue, Suite 410
Denver, CO 80246
Telephone: (720) 613-1365
Counsel for Defendants Campaign, Inc. and Bradley Sewell

2. **Statement of Jurisdiction**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) (Diversity of Citizenship and Amount in Controversy). Plaintiff is a citizen of the State of California and its principal place of business is in California. Defendant Campaign, Inc. ("**Campaign**") is a Delaware corporation and its principal place of business is located in Colorado. Defendant Bradley Sewell ("**Mr. Sewell**," together with Campaign, the "**Defendants**") is a permanent resident of and is domiciled in the State of Colorado. The amount in controversy exceeds $75,000, exclusive of interests, costs and attorneys' fees.

3. **Statement of Claims and Defenses**

a. Plaintiff: Five Points Management Group, Inc. ("**Plaintiff**") alleges claims for breach of contract and breach of guaranty arising out of a Lease Termination Agreement dated March 10, 2020 and executed by defendants

Campaign, Inc. and Bradley Sewell. Plaintiff alleges that its damages are no less than $2,219,276.52.

b. Defendants: Defendants entered into a lease agreement with Plaintiff. Defendants assert affirmative defenses including failure of Plaintiff to mitigate damages, Plaintiff's claims are barred by its own breaches under the contract, waiver, consent, estoppel, laches, Plaintiff's own acts or omissions and unjust enrichment. This paragraph does not tell the Court what the defense is. It simply recites, as did the Answer, a list of seven affirmative defenses that appear to be taken from a standard list. The Court understands the failure to mitigate defense to mean that plaintiff did not take reasonable steps to re-lease the premises. However, paragraphs 50-56 provide no indication of what the plaintiff did to breach the contract or how the several equitable defenses might apply. Please amend your answer and assert only those affirmative defenses as to which you have a present good faith basis in fact and law. The Court will liberally allow amendment of pleadings to insert affirmative defenses as to which you develop a good faith basis.

4. **Undisputed Facts**

a. Campaign is a Delaware corporation.

b. Campaign's principal place of business is in Colorado.

c. On May 26, 2020, Campaign filed a Statement of Foreign Entity Authority ("**Statement of Foreign Entity Authority**") with the Colorado

Secretary of State as Document No. 20201462077.  Pursuant to the Statement of Foreign Entity Authority, Campaign has designated a registered agent for service of process in the State of Colorado.

        d.      Mr. Sewell is a permanent resident of and domiciled in the State of Colorado.

        e.      Pursuant to that certain Standard Industrial/Commercial Single-Tenant Lease—Net ("**Master Lease**") dated March 1, 2017, Plaintiff leased from Forest Hills Development LLC (the "**Lessor**") the premises located at 4052 Watts Street, Emeryville, California 94606 (the "**Premises**").  A true and correct copy of the Master Lease is attached as Exhibit "1" to the Complaint.

        f.      Pursuant to that certain Air Commercial Real Estate Association Standard Sublease dated March 1, 2017 and addendums thereto dated March 1, 2017, June 22, 2017, April 26, 2018 and March 12, 2019 (collectively, the "**Sublease Agreement**"), Campaign subleased the Premises from Plaintiff.  A true and correct copy of the Sublease Agreement and various addendums is attached as Exhibit "2" to the Complaint.

        g.      In his capacity as Chief Executive Officer, Mr. Sewell executed the Sublease Agreement on behalf of Campaign.

  h. The term of the Sublease Agreement was ten (10) years commencing on March 1, 2017 and ending on February 28, 2027 ("**Expiration Date**").

  i. Pursuant to paragraph 1.9 of the Sublease Agreement, Mr. Sewell agreed to guaranty (the "**Guaranty**") the obligations of Campaign under the Sublease Agreement.

  j. In his capacity as guarantor, Mr. Sewell executed the Sublease Agreement.

  k. Campaign requested and Plaintiff agreed to the Sublease Agreement being terminated prior to the Expiration Date.

  l. Plaintiff agreed, subject to certain terms and conditions, to terminate the Sublease Agreement prior to the Expiration Date.

  m. The terms and conditions imposed by Plaintiff as part of its agreement to terminate the Sublease Agreement prior to the Expiration Date are set forth in a Lease Termination Agreement dated March 10, 2020 ("**Lease Termination Agreement**") and an Addendum to Lease Termination Agreement dated April 1, 2020 ("**Addendum**").  A true and correct copy of the Lease Termination Agreement and Addendum are attached as Exhibits "3" and "4" to the Complaint.

n. Campaign signed the Lease Termination Agreement, by and through its president Mr. Sewell. Mr. Sewell, in his capacity as guarantor, executed the Lease Termination Agreement.

o. Pursuant to the terms and conditions of the Lease Termination Agreement, Campaign and Mr. Sewell agreed, among other things, to the following:[1] (i) terminate the Sublease Agreement effective as of March 10, 2020, (ii) vacate and deliver possession of the Premises to Plaintiff on April 15, 2020 at 5:00 p.m., (iii) allow Plaintiff to retain the security deposit paid by Campaign in the amount of $26,038, and (iv) within seven (7) days of the date of the Lease Termination Agreement to pay Plaintiff the amounts set forth in paragraph 6 of the Lease Termination Agreement.

p. As part of the Lease Termination Agreement, Plaintiff agreed to "use reasonable efforts to relet the Premises and enter into a lease with a Replacement Tenant upon terms satisfactory to [Plaintiff] (the '**Replacement Lease**')."

q. The Sublease provides that Campaign shall pay the following utilities: "Sublessee shall pay for all water, gas, heat, light, power, telephone, trash

---

[1] If there are any conflicts between the terms and conditions of the Lease Termination Agreement as described herein and the Lease Termination Agreement, the terms and conditions of the Lease Termination Agreement shall govern.

disposal and other utilities and services supplied to the Premises, together with any taxes thereon." *Id*. at ¶ 4.2.

r. On August 19, 2020, Plaintiff notified Campaign and Mr. Sewell that a default had occurred under the Lease Termination Agreement and demanded payment within seven (7) days ("**Notice of Default and Demand for Payment**"). A true and correct copy of the Notice of Default and Demand for Payment is attached as Exhibit "5" to the Complaint.

s. Despite demand by Plaintiff, Mr. Sewell has failed to perform his obligations under the Guaranty and Lease Termination Agreement by failing to make the payments owing by Campaign as identified in paragraph 29 of the Complaint.

5. **Computation of Damages**

Plaintiff's alleges its damages are no less than $2,219,276.52.

6. **Report of Preconference Discovery and Meeting Under Fed.R.Civ. P. 26(f)**

a. Date of Rule 26(f) Meeting. The parties conducted their Rule 26(f) meeting on September 28, 2020.

    b. Names of each participant and party he/she represented. Peter W. Ito participated on behalf of Plaintiff. Robert D. Lantz participated on behalf of Defendants.

c. Statement as to when Rule 26(a)(1) disclosures were or will be made. Rule 26(a)(1) disclosures will be made no later than October 16, 2020.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1). Not applicable.

e. Statement concerning any agreements to conduct informal discovery. There are no agreements to conduct informal discovery.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of unified exhibit numbering system. The parties will use the unified exhibit numbering system such that each exhibit will be given only one arabic number throughout the litigation and that number will be used no matter who presents or offers it.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or

        discovery will involve information or records maintained in electronic form. The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

   h.   Statement summarizing the parties' discussions regarding possibilities for promptly settling or resolving the case. The parties have agreed that prior to the Scheduling Conference currently calendared for October 20, 2020, they will engage in discussions regarding the possibility of settling or resolving this case. I wish you well in this effort.

7. **Consent**

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

8. **Discovery Limitations**

   a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: None  You have listed a total of three depositions in § 9(e), but you have agreed to 10 depositions per

    side? I suggest that you limit yourselves to 5 per side.Limitations which any party proposes on the length of depositions: None Seven hours per deposition? That seems excessive.

b. Limitations which any party proposes on the number of requests for production and/or requests for admission: None

c. Deadline for service of interrogatories, requests for production of documents and/or admissions: January 4, 2021

Other planning or discovery order: The parties will not file motions or responses concerning discovery disputes. Rather, after counsel have conferred by telephone or in person, they will contact Chambers and set a telephonic hearing. If the dispute concerns responses to paper discovery (interrogatories, etc.), please provide the Court with the disputed question and responses before the hearing.

d.

9. **Case Plan and Schedule**

Deadline for Joinder of Parties and Amendment of Pleadings: October 30, 2020. The Court will permit amendment of pleadings after this date pursuant to Rule 15(a) for good cause shown unless the amendment would unfairly prejudice the opposing party.

a.

b. Discovery Cut-Off: February 10, 2021

    c. Dispositive Motion Deadline (fully briefed): April 15, 2021 I take it that you are not setting a dispositive motions date but are indicating that any dispositive motion will be fully briefed by this date. Please note that in a bench trial situation, dispositive motions are often an unnecessary consumption of time and money. The bench trial would serve in effect as an oral argument for any such motion. The trial dates provided by the Court's Judicial Assistant below might be unnecessarily far into the next year, but they were chosen to fit your dispositive motion date.

d. Expert Witness Disclosure

(i) The parties shall identify anticipated fields of expert testimony, if any: None

(ii) Limitations which the parties propose on the use or number of expert witnesses: None.

(iii) The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed.R.Civ.P. 26(a)(2) on or before January 4, 2021.

    (iv) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before January 18, 2021.

e. Identification of Persons to be Deposed:

Bradley A. Sewell: No more than 7 hours

Ken Morris: No more than 7 hours

James McGoey: No more than 7 hours

10. **Dates for Further Conferences**

a. Status conferences will be held in this case on the following dates and times:

A final pretrial order is not required. The Court will conduct a Trial Preparation Conference and resolve any remaining disputes concerning trial witnesses, trial exhibits, in limine issues, and jury instructions. Proposed jury instructions should be emailed to Chambers one week before the TPC, with disputed versions of instructions paired. **Please jointly contact Chambers at jackson_chambers@cod.uscourts.gov within 14 days to select TPC and Trial dates from the llowing options:**

**Proposed one-day bench trial dates: 8/31/2021; 9/9/2021 or 9/10/2021**
**Proposed trial preparation conference dates: 8/12/2021 at 1:30; 8/19/2021 at 9:00; or 8/20/21 at 9:00.**

11. **Other Scheduling Matters**

        a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

b. Anticipated length of trial and whether trial is to the court or jury: One full day bench trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court facilities: None

12. **Notice of Counsel and Pro Se Parties**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

13. **Amendments to Scheduling Order**

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15thday of October, 2020.

BY THE COURT:

______________________________
R. Brooke Jackson, District Judge
United States District Court

APPROVED:

By: /s/ Peter W. Ito

Peter W. Ito
Ito Law Group, P.C.
1550 Larimer Street, Suite 667
Denver, CO 80202
Telephone: (720) 281-5294
Attorneys for Five Points Management Group, Inc.

By: /s/ Robert D. Lantz

Robert D. Lantz
Castle Lantz Maricle, LLC
4100 E. Mississippi Avenue, Suite 410
Denver, CO 80246
Telephone: (720) 613-1365
Attorneys for Defendants Campaign, Inc. and Bradley Sewell