IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02599-RBJ

FIVE POINTS MANAGEMENT GROUP, INC., a California corporation,

Plaintiff,

v.

CAMPAIGN, INC., a Delaware corporation; and
BRADLEY SEWELL, an individual,

Defendants.

---

**STIPULATION CONCERNING PROTOCOL FOR CONDUCTING
REMOTE DEPOSITIONS; AND [PROPOSED] ORDER**

---

Plaintiff Five Points Management Group, Inc. ("Plaintiff") and Defendants Campaign, Inc. ("Campaign") and Bradley Sewell ("Sewell," together with Campaign, the "Defendants," together Plaintiff, the "Parties," and each a "Party"), by and through their respective counsel, jointly stipulate (the "Stipulation") to the following protocol for conducting depositions via remote means in the above-captioned matter:

1. Depositions in the case may be conducted remotely upon agreement of the Parties using videoconference technology.

2. The Parties agree that court reporter employees may attend each remote deposition to video record the deposition, troubleshoot any technological issues that may arise, and administer virtual breakout rooms, if being used.

3. The Parties agree that these video-recorded remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing, and the Parties agree not to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants at all times when the deponent is testifying on the record, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. If more than one attorney will attend the deposition for a party, counsel for that party shall designate one of the attendees as lead counsel who will defend or question the witness.

5. No counsel shall initiate a private conference, including without limitation through text message, electronic mail, any other app, or the chat feature in the videoconferencing system, with any deponent while a question is pending.

6.      During breaks in the deposition, the Parties may use virtual breakout rooms (if any) provided by court reporter, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded and shall be deemed privileged and confidential.

7.      Remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure ("Rule") 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8.      The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record.  The court reporter may simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9.      The Parties agree that the court reporter is an "Officer" as defined by Rule 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be

legible on the video record.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. The Party that noticed the deposition shall provide the court reporter with a copy of this Stipulation as soon as they are engaged to cover a deposition and at least twenty-four hours in advance of the deposition.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A), any person responsible for video-recording the deposition, if applicable, shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and business address; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B), any person responsible for video-recording the deposition, if applicable, shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Parties agree to work collaboratively and in good faith with the court reporter to assess each deponent's technological abilities and to troubleshoot

any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent or court reporter cannot hear or understand the other participants or where the participants or court reporter cannot hear or understand the deponent.

15. Every deponent shall endeavor to have technology sufficient to appear for a video-conference deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. In the case of third-party witnesses, counsel noticing the deposition shall consult with the third-party witness in advance to ensure the third-party witness has the required technology.

16. If lead counsel becomes inadvertently disconnected from the deposition or experiences technical difficulties, that fact shall be noted on the record as soon as the parties become aware and the deposition must immediately be suspended until that attorney has full access to both audio and video.

17. If a deposition is suspended due to technical difficulties, the time consumed by the suspension does not count toward any applicable time limitations.

18.    The Parties agree that this Stipulated Order applies to remote depositions of non-parties under Rule 45, and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulated Order to counsel for any non-party under Rule 45 within a reasonable time before the date of the deposition.

19.    The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods, provided that nothing herein prevents counsel noticing a deposition from electing to utilize a less restrictive and/or less burdensome method of distributing and administering exhibits:

a.    Counsel noticing the deposition may choose to mail or hand deliver physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter. In the event documents are mailed, noticing counsel shall so inform the deponent's counsel, the other Parties' counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Documents mailed or hand delivered shall be delivered by 12:00 pm Mountain the business day before the deposition. Counsel for the deponent, the other Parties' counsel, and the court reporter shall confirm receipt of the package by electronic mail to counsel noticing the deposition. If physical copies are mailed or hand delivered, every

recipient of a mailed or hand delivered package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

        b.      Counsel noticing the deposition may choose to send exhibits through any electronic means (including file share) to the deponent, the deponent's counsel, the other Parties' counsel, and the court reporter, which shall be delivered by 12:00 pm Mountain the business day before the deposition.  If counsel noticing the deposition seeks to ensure that the files will not be viewed prior to the deposition, it may (but is not required to) password protect the files provided that counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a password protected file(s) shall not open it until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 25 MB.  Any electronic transmission that is returned undeliverable due to size requirements should be reduced in size and resent immediately.  The format of deposition exhibits submitted electronically shall be PDF with page numbers and or bates numbers placed on the documents,

unless any alternative format is disclosed 2 days prior to the deposition and agreed upon by all counsel and the court reporter, to ensure the deponent and all Parties have the ability to view the alternative format or to print hardcopies for use, and for the court reporter to include in the official record.

        c.      Counsel may introduce exhibits that were not disclosed prior to the deposition electronically during the deposition, by using document-sharing technology or screensharing technology within the videoconferencing platform, or by sending the exhibit(s) to the deponent and all individuals on the record via electronic mail (unless they were transmitted earlier pursuant to Paragraphs 19b or 19c). All deponents receiving documents before or during a deposition shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, or in the case of exhibits provided electronically, shall destroy/delete them, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

20. Counsel for the Parties may keep any document or exhibit used during the deposition.

Dated: December 17, 2020    By: /s/ Peter W. Ito
    Peter W. Ito
    Ito Law Group, P.C.
    1550 Larimer Street, Suite 667
    Denver, CO 80202
    Telephone: (720) 281-5294
    Email: peter@itolawgroup.com
    Attorneys for Five Points Management Group, Inc.

Dated: December 17, 2020    By: /s/ Robert D. Lantz
    Robert D. Lantz
    4100 E. Mississippi Avenue, Suite 410
    Denver, CO 80246
    Castle Lantz Maricle, LLC
    Telephone: (720) 613-1365
    Attorneys for Defendants Campaign, Inc. and Bradley Sewell

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

    _____
    R. Brooke Jackson, District Judge
    UNITED STATES DISTRICT COURT